The case on the docket this morning is 524-1201, People v. Lentes Holt. Ready? Good morning, Your Honors. Good morning. Good morning, Ms. Camden. I'm Assistant Defender Levi Harris, appearing on behalf of my client, Lentes Holt, who is the appellate. May it please the Court, today we're here bringing a third appeal for the third dismissal of Mr. Holt's first post-conviction petition. Even though that petition was filed nearly eight years ago, Mr. Holt has still never received the reasonable assistance of counsel that was guaranteed to him. This Court most recently remanded in May 2024, two of the three of Your Honors were on that panel. They issued directions for new PC counsel to do two things on remand. Amend Mr. Holt's post-conviction petition to add a claim of ineffective assistance of direct appeal counsel, and amend that petition to allege any available facts showing that the untimeliness was not due to Mr. Holt's culpable negligence. On remand, counsel did neither of those things, and in fact didn't file an amended petition at all. Instead, she filed a motion to withdraw from the case that didn't mention, or excuse me, didn't address any of Mr. Holt's substantive claims, and only spoke to the matter of timeliness. And even though the motion to withdraw didn't meet the requirements for motions to withdraw, the trial court granted it, and then granted the state's motion to dismiss. So because of that, here we are again. We have two separate but related issues. First, the post-conviction counsel failed to provide reasonable assistance of counsel under 651C, and failed to comply with this court's mandate from 2024. And second, the trial court erred by granting counsel's motion to withdraw, because that motion didn't comply with the rules for doing so. The remedy for either or both of these claims is reversal and remand for more second-stage post-conviction proceedings. So the first issue, post-conviction... So amending relief, are you asking for the ability to amend the petition again? Yes, Your Honor. The petition has never been correctly amended. In fact, wasn't amended at all this most recent time. And new counsel would be appointed? I think so, Your Honor. She did last time, and I think it would be even more appropriate here because counsel, in this case, filed a motion to withdraw, although she didn't address the substance of the claims. I think that you could say there's probably a built-in presumption that she is not in a position to zealously defend this client. So that's what we're asking for. So the first issue is that post-conviction counsel failed to comply with Rule 651C and with this court's mandate. We know that there's no constitutional right to effective assistance of counsel in these cases, but there's a statutory right to the reasonable assistance of counsel. Counsel has to do three things to comply with that. Consult with the petitioner to ascertain his claims, examine the trial record, and make any amendments necessary to adequately present the claims. Even in cases like this, where PC counsel might believe that a petitioner is culpably negligent or at least, as Your Honor has recognized in the previous remand, that it needs to be addressed, even in those cases, the law requires counsel to develop the substantive post-conviction claims first. Our Supreme Court in People v. Lander set out the process for doing this and the reasons for the process. If post-conviction counsel develops the merits of substantive claims in an amended post-conviction petition, then the State, which Lander referred to as a dutiful prosecutor, might make a fully informed decision looking at those well-developed substantive claims as to whether to assert a defense of untimeliness or to say, you know what, this does allege a constitutional violation, let's go ahead and move to third stage and have an evidentiary hearing. Only after post-conviction counsel has rendered reasonable assistance under 651 by adequately presenting those claims in the first place, can the State have that opportunity to determine whether to assert its defense or to weigh the defense. That didn't happen in this case. Instead, post-conviction counsel only stated that the petition was untimely, that she couldn't find a reason to excuse it, and in fact, Your Honor has instructed her to address or to allege ineffective assistance of direct appeal counsel for not bringing the substantive claim up previously. And counsel said, you know what, I know the court said that, but I'm not going to do that because of this timeliness issue. So counsel actually got things backwards. Rather than amending the petition, making the substantive claim, supporting those claims, then seeing is the State going to go ahead, now that the claims have been developed, now that I've done my duty, to assert this defense, counsel only spoke to timeliness, which she … If there would have been culpable negligence, she couldn't have amended it, right? I think that that is not necessarily correct, Your Honor. I think that if there's culpable negligence, in fact, I think I'm not conceding that there's culpable negligence in this case, but for Your Honor's disposition on this first issue, I think you could even presume that there is culpable negligence, because if there were the matter of culpable negligence, then the State wouldn't have much to decide as to whether to assert untimeliness or not. There just wouldn't be a defense for the State to assert. But if you believe there was culpable negligence, how do you amend the petition in good faith? Your Honor, I think that you can stand on the petition, first of all. So my client himself raised an issue about culpable negligence in the first place. I think you can stand on the petition, I think you can amend it, and amend the substantive claims, and then say, you know, we leave it to the State to address this. Is the State going to do this or not? And I think whether it makes sense or not, I believe it does, obviously, that's why we're here, but more importantly, the Illinois Supreme Court thinks it makes sense in Lander. The opposite process of you've got to deal with this timeliness issue before you can get to the substance of the post-conviction petition, that was the position the appellate court took in Lander, which the Illinois Supreme Court reversed. It said, no, you've got to address the substance, give it to the State, follow this procedure, and if the State asserts its defense, you can make an argument about that. So even though the State has said they're not going to assert that defense, Lander says you can't make that decision until the petition's in proper form? Correct, and as Your Honor's found in 2024, the petition has never been put in proper form because previous counsel did not comply with Rule 651C. So there's never been, first of all, when Your Honor's reversed that, as a technical matter, there is no, that thing we say is a null and void deal, that doesn't exist anymore, because new counsel was ordered to file a new amended petition. But yes, the State's intention that it announced to raise this defense of untimeliness is based, so far, on claims that have never been properly addressed. We've never yet had a petition that puts into words and supports not only the pro se claims, but also alleges how direct appeal counsel dropped the ball by not raising those claims. And so whatever the State may intend, and we had some discussion about this in briefing, the State may have told that intention based on what it knows now to say, well, we plan to assert this defense, but we hope that the State has not prejudged this issue so much that they wouldn't change their minds if they saw that the substance had some merit. Your Honor, I'm about to run out of time, so I want to briefly address the motion to withdraw, if I could. Even if counsel believed, as Justice Cates alluded to, that there was this issue of culpable negligence, if you feel like you cannot in good conscience, under your ethical obligations, advance a petition, then you have a duty to withdraw. But our courts have been very specific about what you have to do to file a motion to withdraw. You have to address each and every claim and say why each and every claim lacks merit. It's something that, Your Honor, you see all the time, you decide all the time, appellate lawyers, in Anders motions, in Finley motions, we do this. We set forth what the claims are, here's why they don't have merit. PC counsel didn't do that in this case, and in cases where motions to withdraw don't do that, but are granted anyway, reversal is the proper procedure. Post-conviction counsel has complied with 651C before filing that motion, which under issue 1 she didn't, and if all the underlying claims themselves are frivolous on their face. In this case, those conditions don't apply. At least one of the claims about requesting a jury instruction for a lesser included offense has arguable merit, which we have to take as true what is in his, it's not rebutted by the record, so we have to take his statements as true at this point, and so because even that one issue has arguable merit, this court can't excuse the procedural problems with the motion to withdraw. Other questions? Come back in a moment then, Your Honors. Alright, you will have a few minutes for rebuttal, but thank you for your arguments. Ms. Camden? Thank you, Your Honor. May it please the Court? Jennifer Camden on behalf of the people. Post-conviction counsel Pollack knew that she had Rule 651C duties, and that she had ethical duties as well, and the record does not rebut the presumption of her substantial compliance with Rule 651C, where it confirms her conclusion that as an ethical matter, the defendant's untimely pro se petition could not be amended to adequately plead its claims. So under the Perkins case and Rule 651 and this Court's prior remand order, she needed to either obtain the State's waiver or forfeiture of the defense of untimeliness, or amend the pro se petition, and in this case, she knew that she could not do either, and the record confirms that. And so her only ethical option was to move to withdraw and explain her grounds to the Court. Now, the defendant's Rule 651C argument is based on his repeated assertions in the opening brief and reply that Pollack could have ethically addressed untimeliness in an amended pro se petition. But her motion to withdraw explains her conclusion that she could not have done so. As she explained, she investigated... Let me interrupt you. I have a question. Is culpable negligence, the determination of culpable negligence, is that a question of law that we reviewed or fact? I'm sorry. Is it a question of law or a question of fact, or both? Whether somebody's culpable negligence, culpably negligent. Certainly the Lander decision, which both parties have cited, might provide some insight on that. I know that the Lander decision states that not knowing the deadline is not culpable negligence. The reason I ask is she was under a mandate to amend the petition, so does she get to decide whether there was culpable negligence such that it excuses her, as you're arguing? Who gets to make that decision under these circumstances? Well, it does sound like a combined issue of law and fact. It's not an issue that we directly addressed in the brief. My question is, if you use that as an excuse not to amend and follow the mandate of a court, you're saying she can withdraw, right? Is that what your argument is? Well, certainly the circuit court found that her motion to withdraw was well-plead and that she did not have a good faith basis for making a culpable negligence argument. So in that respect, the defendant is asking this court to review that legal determination by the circuit court. I'm just wondering what prevents her from following the, from amending the petition as they allege. And I think it's her determination that there was culpable negligence. Well, and the court, essentially. Right. She found that she had no non-frivolous argument to make on the issue of culpable negligence. And so she explained that to the court. Isn't there a tension there between the court's mandate and what she then is supposed to do? Of course, yes. And I point out that when the court directed New Counsel to amend the petition to add any available facts, excusing the defendant's untimeliness, this court was not aware of the facts that Pollock subsequently discovered through her diligent investigation by subpoenaing the DOC records. And that was the basis of her motion to withdraw. And then further, at the November 2024 hearing, the defendant personally addressed the court and conceded that, in fact, he didn't know the deadline. And that was the problem. And that was why he had not filed timely, which, again, as Lander stated, is culpable negligence. So Pollock's motion explained to the circuit court why she could not address the issue of untimeliness. Oh, no. Just that on the issue of culpable negligence. And so when they miscalculated the actual due date, that that error was relevant to whether he lacked culpable negligence. And he argues for the first time that certain facts in the record show that he might not have been culpable of negligence. Now, of course, that's forfeited. But if this court chooses to consider that, I'd like to point out that the DOC records cited in the people's brief show that the defendant's first law library pass was created four days after the appellate court affirmed his conviction in January 2017, but that his second law library pass was created more than a year later, after his post-conviction due date of February 22, 2018. And all of the subsequent law library passes that are mentioned by the defendant on appeal were also requested after his petition was already late. And in any event, the passes are neither here nor there because he, again, conceded at the hearing that his petition was late because he didn't have the deadline. On the... So let me ask you, if, you know, timeliness, if his petition was untimely and there's no excusable neglect on his part, if we can't find that, is there any scenario in which the court can reach the merits of this case then? I mean, are there any other claims? Well, even claims that have merit may be untimely and may be dismissed as untimely. So where the State has consistently raised the issue of untimeliness, then the answer would be no. On the merits, I would note that the defendant has narrowed the scope of the pro se petition to arguing that there's one claim with arguable merit and that the State, in the answer brief, answers that issue and addresses the merits and argues that that claim does not have arguable merit. But if we've previously found that the petition is not in proper form, hasn't the Supreme Court repeatedly said we don't get the merits until the petition is in the proper form? Yes, Your Honor. This case is unique, factually, and neither party found a case on all fours of these unique facts, as the defendant notes on appeal also. But I note that unlike the Lander case, this case does not involve a hypothetical, speculative amendment to the pro se petition. Paul only had a Rule 651C duty to make necessary amendments to the claims. And the only substantive amendment that was already previously named by this Court as a necessary amendment in its prior order was to add a claim of ineffective assistance of appellate counsel in order to save certain of the claims from forfeiture. So in gauging Pollock's substantial compliance with the rule, we're not in a position of wondering how the petition might have been substantively amended or how the State would assess whether to waive or forfeit time limits in response to unknown amendments. And that is the distinction between this case and the Lander case. And other distinctions are addressed in the answer brief. But an amendment adding a claim of ineffective assistance of appellate counsel to an untimely pro se petition shouldn't be deemed necessary under Rule 651C, where the pro se claim is time barred and where post-conviction counsel has not obtained waiver or forfeiture of that defense, and she additionally knows that the State is not going to waive or forfeit it. And that's another distinction between this case and the Lander case. Rule 651C does not require counsel to perform a feudal act. But, and I may be way off base here, but People v. Addison says to us if there's a 651C violation, it goes back, right? Certainly, Your Honor, but it's the State's position that Pollock substantially complied with Rule 651C, where she, where she was only required to make necessary amendments and where the culpable negligence amendment, which was necessary under the Perkins case, could not be made, and where she knew that, that making the ineffective assistance of appellate counsel claim would have, would have been fruitless. But that's what I'm saying. If, if we told her, if this Court told her to amend on the ineffective assistance of appellate counsel, okay, and there was any merit to that potential claim, then Addison would tell us that that would be a violation if she didn't make the amendment, right? I mean, I think that's what Justice Vaughn was saying, is you've got to make the amendment in order to comply with 651C. Certainly, Your Honor, but it's, it's the State's position that, that because of the unique factual circumstances of this case, where it is distinguishable, in fact, from, from the Lander case, that, that counsel substantially complied where she explained why, given that she knew that the State was going to, and had already asserted timeliness multiple times, that it would continue to do so. The, the futility of the representation was clear, as discussed in the Moore case cited in the People's Answer Brief. This just isn't a case where the State, or indeed the defendant, or the Circuit Court, or this Court, have been silent on the issue of timeliness. In fact, the, the defendant had, was the party who inserted the issue of timeliness into the case, where he filed his pro se petition, and along with a motion for leave to file, and conceded that it was timely. Okay. Questions? No questions, thank you. Okay. Thank you, Ms. Camden. Mr. Harris, some rebuttal, or comments? Your Honor, I'll, I'll address the last bit first. Of course, my client addressed negligence, culpable negligence in his pro se, post conviction petition. He understood it was late. Trying to address it, trying to get out in front of it, even before he had counsel to help him do that, doesn't mean that, well, he's the one that brought it up, he should have kept his mouth shut about it. Of course, he was trying to, to head, head off an argument that the State hadn't made yet. The State here, again, wants to adopt the rule that the appellate court adopted in Lander, that the Illinois Supreme Court rejected, which is that, well, if counsel knows that she can't get a waiver from the State, then she doesn't have to amend this petition. That's exactly backwards. Lander has said, you've got to amend that, the substance of the petition, present the claims to the State, and see what the State's going to do. Counsel seems to presume that there is no situation in which the State's attorney in Champaign County is going to look at claims, even if they have the most merit of any claims they've ever seen, and decide to waive this defense. I don't share that cynicism. I also don't share the opinion that this is a particularly unique case. I think this is a garden variety case, where we have some good constitutional claims, and we've also got some procedural issues that have to be dealt with. I don't think that it's so out in left field and sui generis that we have to make up some new rule for it. Counsel mentioned Perkins. Perkins does not excuse what happened in this case. In Perkins, the post-conviction attorney made arguments on the substance of the claims, and then when the State indicated it's not going to waive its timeliness defense, post-conviction counsel at least made an argument in the trial court about culpable negligence. Neither of those things happened in this case. In fact, as I mentioned in my opening, counsel didn't file any amended petition at all, even just an amended petition that says we're going to stand on the issues. All she wanted to talk about is this culpable negligence. I want to say, by the way, nobody's saying that she's a bad attorney, she should lose her job, or whatever. She just didn't follow the court's mandate, and she didn't follow what the law is. Counsel, another thing that she said, she said that public defender Pollack found that there was no excuse for late filing. I think this gets to what Justice Case was asking about, which is, was there her place to find that there was no excuse, or was it her job just to present the argument, say, I think it's a factual matter that this is late. You can look at a calendar and look at calculators and say, okay, this is late. Culpable negligence, I think, is something that is a question of law, or at least it's a mixed question of law and fact, and it's one that I don't think that counsel is going to violate her ethical duties to argue. Counsel also said that my client admitted that he didn't know the deadline, and that was part of why he was late. We talk about it, and I do think that it's sort of beside the point to address the claims that are at issue here, but I do think it's relevant for the equities to think about that nobody in the trial court, nobody in all of these proceedings, has ever calculated this state correctly. Not the judge, not two post-conviction attorneys, not two state's attorneys. It took me and Ms. Camden all this briefing to sit down with calculators and calendars and pencil and paper, and I was an English major, so I'm glad that it got confirmed by Ms. Camden that I did, in fact, not screw this up, but nobody knew that date. And so to say, well, my client got up there and he said, well, I didn't know the date. Nobody knew it. In fact, they thought he was this many months late. He was still late, but he was much less late than everybody was holding him accountable for. Judge Rosenbaum even said, well, you know, this could even be years late. It wasn't even close to years late. I think that's just about all that I have to say, but I'm happy to answer any more questions until that little red light comes on. I guess my question is, opposing counsel says that in her motion to withdraw, she set forth the arguments and explained why they had no merit. I understood you to say in your part of the argument initially that she didn't address the merits of the... She didn't address any merits of any claims. She addressed that she had subpoenaed records from the Department of Corrections to look at the dates that he went to the law library. From the Department of Corrections, it's in the records she got. These are the dates he went to the law library. There's nothing in the record that says when he might have requested dates and been denied. One way or the other, it's just not in the record. There's also nothing in her motion that says that she spoke to my client about what his things were. She subpoenaed the records. That's more than a lot of attorneys do. She doesn't say that she talked to him about what was going on, why couldn't he file them. Ordinarily, if you have a 651C certificate, you can say, well, she's avert that she did that, that she talked to the client. But I know she hasn't complied with 651C because she didn't put the claims in the way that they're supposed to do. So I don't think that we can presume... First of all, there's no certificate, but we assume for argument's sake that by swearing at the end under oath that she met those obligations that that was substantially the same. I think the question, though, was about claims as opposed to culpable negligence. Correct, Your Honor. If the issue is, did she address the substance of the claims? No, she didn't. The only claim she mentioned, this is one thing I should say to you. This is not a claim, though. Whether or not somebody was culpably negligent is not a claim. Correct. Okay. And I do also want to say just real quick, we're not narrowing the scope of this to where we're only talking about one issue. So I'm not saying that this is the only good issue. I'm saying it's easier for all of us if we just talk about one issue because that's all that we need to get back to the trial court. Well, the relief you're asking for is the remand to allow for the amendment. Correct. So we would still be at the second stage. Correct. Okay. Thank you for the questions. Thank you. Okay. Thank you both for your arguments here today. This matter will be taken under advisement. We will issue an order in due course.